IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIM JAMES GIBSON             *
       Plaintiff
   v.                         * CIVIL ACTION NO. RDB-06-2030

JACK J. CRAIGWAY            *
       Defendant.
                             ***

**MEMORANDUM OPINION**

On August 2, 2006, the Court received for filing this 42 U.S.C. § 1983 civil rights Complaint for miscellaneous relief alleging that Plaintiff's February, 2006 convictions in the District Court for Talbot County, Maryland violated the Fourteenth Amendment because he was "falsely accused and wrongfully incarcerated." (Paper No. 1 at 4). Plaintiff also seemingly claims that at a subsequent appellate proceeding he was forced to take a jury trial and "had to call ineffective counsel." (*Id.*).

To the extent that Plaintiff is seeking injunctive or declaratory relief with regard to the constitutionality of his convictions, the case shall be summarily dismissed without prejudice as his § 1983 Complaint is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] *See also Muhammad v. Close*, 540 U.S. 749, 750-51 (2004).

The plaintiff in *Heck*, an Indiana state prisoner, sued two state prosecutors who had prosecuted him and a state investigator who had participated in the investigation leading to plaintiff's conviction. Plaintiff alleged that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at his trial. The complaint sought compensatory and monetary damages. The Supreme Court

---

[1] The Court observes that Plaintiff recently filed a 28 U.S.C. § 2254 petition attacking his Talbot County convictions. *See Gibson v. Craigway, et al.*, Civil Action No. RDB-06-2000 (D. Md.). The petition was dismissed without prejudice on August 10, 2006, for the failure to exhaust state court remedies.

concluded that the action had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action. Said the Court:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-7.

Plaintiff's pro se claims go directly to the legality of his Maryland convictions. A judgment in his favor would bring into question the validity of his Talbot County convictions, which have not been overturned. Under the rule of *Heck*, therefore, his civil rights claims may not proceed in this Court. A separate Order follows.


Date:   August 14, 2006                    /s/_____
                                              RICHARD D. BENNETT
                                              UNITED STATES DISTRICT JUDGE